WO                                                                                                          ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew A. Meiner, | No. CV 20-00628-PHX-MTL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Luna, et al., | |
| Defendants. | |

Plaintiff Matthew A. Meiner, who is confined in the Arizona State Prison Complex-Tucson, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will order Defendant Luna to answer Count One of the Complaint, and will dismiss the remaining claim and Defendant without prejudice.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $24.27. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

TERMPSREF

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

In his two-count Complaint, Plaintiff names Correctional Officer Luna, and an unknown Correctional Officer referred to as John Doe, as Defendants. Plaintiff seeks monetary relief, and punitive damages.

Plaintiff's claims arise from a common core of operative facts, as follows: In March or April 2019, Plaintiff alleges that he asked a nurse if he could speak with her in private. The nurse had Luna escort Plaintiff to a private medical room, where Plaintiff recounted that his cellmate had been threatening him and that he was afraid his cellmate was going to kill him. The nurse told Plaintiff that she did not have the authority to move Plaintiff out of his cell, but had Plaintiff recount his allegations to Luna. Plaintiff did so, including that his cellmate had said that skinheads like me kill people like you." However, Luna responded that he "wasn't going to move [Plaintiff]" and that even if he wanted to he was too busy." Officer Luna then ordered Plaintiff back to his cell. On the way Plaintiff told Luna that his cellmate was going to kill him, but Luna responded "you'll be fine." Approximately one week later, Plaintiff's cellmate beat and sexually assaulted Plaintiff.

Thereafter, Plaintiff told John Doe that he needed to speak with him while John Doe was escorting Plaintiff to the shower. John Doe responded that Plaintiff should take his shower, and walked away. When John Doe returned, Plaintiff told him that he needed to report a "PREA incident," presumably referring to the Prison Rape Elimination Act (PREA). John Doe responded that Plaintiff needed to return to his cell. Plaintiff responded by saying that he "can't return to [his] cell because [he] was beaten and sexually abused by [his] cell mate." John doe told Plaintiff that he needed to know the details, and Plaintiff told him that his cell mate had kicked him in the head, and then kicked and hit him. While Plaintiff was on the ground, his cell mate "forced his penis into [Plaintiff's] mouth while threatening to kill [Plaintiff]." John Doe responded that "that's a wild story," and then told Plaintiff "I'll be back."

John Doe then went to Plaintiff's cell and told Plaintiff's cellmate everything that Plaintiff had just told him. John Doe then returned to Plaintiff and told him he "didn't have

any evidence" supporting Plaintiff's claims. Plaintiff told John Doe to "look at the wounds on [Plaintiff's] face [and] head," and John Doe stated that it "doesn't look too bad." John Doe then returned to Plaintiff's cell and asked his cellmate and he and Plaintiff were "cool" and if Plaintiff could return to the cell. When John Doe returned, he told Plaintiff that the cellmate "was Ok with [Plaintiff] returning to the cell." Plaintiff refused, stating that if he did return to the cell, his cellmate would kill him; Plaintiff also told John Doe that the cellmate had a weapon. John Doe then collected Plaintiff's property from the cell, and told Plaintiff that another officer would escort Plaintiff to medical.

Accordingly, Plaintiff alleges an Eighth Amendment threat-to-safety claim against Luna in Count One, and a "PREA" claim in Count Two against John Doe.

**IV.     Failure to State a Claim**

Plaintiff styles Count Two as arising pursuant to PREA. However, "there is no private cause of action available to vindicate violations of the PREA." *Hatcher v. Harrington*, 2015 WL 474313, *5 (D. Haw. Feb. 5, 2015) (citing cases that have found that PREA does not create a private cause of action). As such, to the extent Plaintiff seeks relief in Count Two pursuant to PREA, he has failed to state a claim.

However, although there is no private cause of action under PREA, "prisoners have a right to be free from sexual abuse." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). As such, the Court will construe Plaintiff's claim in Count Two as an Eighth Amendment threat-to-safety claim, *see Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Even so construed, however, Plaintiff has failed to state a claim. Although John Doe was initially skeptical of Plaintiff's story, and, as Plaintiff puts it, "tried to force Plaintiff back into the cell with his abuser," John Doe ultimately removed Plaintiff from the cell without exposing Plaintiff to his cellmate or otherwise placing Plaintiff in danger. These actions do not support that John Doe was deliberately indifferent to the threat to Plaintiff's safety. Accordingly, Plaintiff has failed to state a claim in Count Two against John Doe, and Count Two and John Doe will thus be dismissed.

. . . .

## V.     Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment threat-to-safety claim against Luna, and Luna will be required to answer the Complaint.

## VI.    Warnings

### A.     Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

1  (2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $24.27.

(3) Count Two is **dismissed** without prejudice.

(4) Defendant John Doe is **dismissed** without prejudice.

(5) Defendant Luna must answer Count One.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Luna.

(7) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(11) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TERMPSREF**

1  Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

2  (12)   The Marshal must immediately file signed waivers of service of the
3  summons.  If a waiver of service of summons is returned as undeliverable or is not returned
4  by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,
5  the Marshal must:

6  (a)   personally serve copies of the Summons, Complaint, and this Order
7  upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
8  and

9  (b)   within 10 days after personal service is effected, file the return of
10  service for Defendant, along with evidence of the attempt to secure a waiver of
11  service of the summons and of the costs subsequently incurred in effecting service
12  upon Defendant.  The costs of service must be enumerated on the return of service
13  form (USM-285) and must include the costs incurred by the Marshal for
14  photocopying additional copies of the Summons, Complaint, or this Order and for
15  preparing new process receipt and return forms (USM-285), if required.  Costs of
16  service will be taxed against the personally served Defendant pursuant to Rule
17  4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
18  Court.

19  (13)   Defendant must answer the Complaint or otherwise respond by appropriate
20  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
21  Rules of Civil Procedure.

22  . . . .
23  . . . .
24  . . . .
25  . . . .
26  . . . .
27  . . . .
28  . . . .

(14) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 30th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge